THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AJANI CHUNG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GARDA CL NORTHWEST, INC., a Washington profit corporation doing business as GARDAWORLD; GARDAWORLD FEDERAL SERVICES, LLC, a foreign limited liability company; GARDAWORLD SECURITY SERVICES, INC., a foreign profit corporation; UNITED AMERICAN SECURITY, LLC, a foreign limited liability company doing business as GARDAWORLD SECURITY SERVICES; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | Case No. 2:26-cv-00147-LK<br><br>**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT** |

Defendants Garda CL Northwest, Inc., GardaWorld Federal Services, LLC, GardaWorld Security Services, Inc., and United American Security, LLC (collectively, "Defendants") file this answer to Plaintiff Ajani Chung's ("Plaintiff") complaint. To the extent that any allegation in the complaint is not specifically admitted, the allegation is denied. Defendants answer the corresponding numbered paragraphs of the complaint as follows:



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. NATURE OF THE CASE

1. This is a class action lawsuit to remedy Defendants' business practice of illegally restricting, restraining, and prohibiting low-wage workers from engaging in lawful professions, trades, and businesses and from accepting or transacting business with customers in violation of Washington's noncompetition law. *See* ch. 49.62 RCW.

**<u>ANSWER</u>: Paragraph 1 is a statement of the case to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1.**

2. The Washington Legislature ("Legislature") enacted chapter 49.62 RCW, effective January 1, 2020, to facilitate workforce mobility and protect workers by prohibiting restrictive covenants that limit competition or hiring. *See* RCW 49.62.005.

**<u>ANSWER</u>: Paragraph 2 purports to summarize statutory findings located at RCW 49.62.005 and contains a generalized characterization of the law to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to RCW 49.62.005 for a complete and accurate description of its contents and deny any allegations inconsistent therewith.**

3. In so doing, the Legislature found that "[w]orkforce mobility is important to economic growth and development" and that "[a]greements limiting competition or hiring may be contracts of adhesion that may be unreasonable." RCW 49.62.005(1)-(2).

**<u>ANSWER</u>: Paragraph 3 purports to quote RCW 49.62.005(1)-(2) and contains a generalized characterization of the law to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to RCW 49.62.005(1)-(2) for a complete and accurate description of their contents and deny any allegations inconsistent therewith.**

4. The Legislature defined a "noncompetition covenant" to include "every written or oral covenant, agreement, or contract by which an employee or independent contractor is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind." RCW 49.62.010(4).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**<u>ANSWER</u>: Paragraph 4 purports to quote RCW 49.62.010(4) and contains a generalized characterization of the law to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to RCW 49.62.010(4) for a complete and accurate description of its contents and deny any allegations inconsistent therewith**.

5. Effective January 1, 2020, a "an employer may not restrict, restrain, or prohibit an employee earning less than twice the applicable state minimum hourly wage from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed." RCW 49.62.070(1).

**<u>ANSWER</u>: Paragraph 5 purports to quote RCW 49.62.070(1) and contains a generalized characterization of the law to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to RCW 49.62.070(1) for a complete and accurate description of its contents and deny any allegations inconsistent therewith**.

6. In prohibiting employers from restricting low-wage workers' ability to hold supplemental employment, the Legislature—as confirmed by the Washington Supreme Court—recognized that "many low wage workers must work multiple jobs" to earn a livable wage and "to provide for themselves and their families." *David v. Freedom Vans, LLC*, 4 Wn.3d 242, 244, 253 (2025).

**<u>ANSWER</u>: Paragraph 6 purports to quote a Washington Supreme Court case, *David v. Freedom Vans, LLC*, 4 Wn.3d 242, 244, 253 (2025) and contains a generalized characterization of Washington law to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to *David v. Freedom Vans, LLC*, 4 Wn.3d 242, 244, 253 (2025) for a complete and accurate description of its contents and deny any allegations inconsistent therewith**.

7. Recognizing this economic reality, the Legislature specifically intended to "broadly protect" these economically vulnerable workers "by allowing them to secure



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

supplemental employment within their industry." Id. at 249 n.3 (citing ENGROSSED SUBSTITUTE .B. 1450, 66th Leg., Reg. Sess. (Wash. 2019)).

**<u>ANSWER</u>: Paragraph 7 purports to quote a Washington Supreme Court case, *David v. Freedom Vans, LLC*, 4 Wn.3d 242, 249 n.3 (2025) and contains a generalized characterization of Washington law to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to *David v. Freedom Vans, LLC*, 4 Wn.3d 242, 249 n.3 (2025) for a complete and accurate description of its contents and deny any allegations inconsistent therewith**.

8. If an employer seeks greater control over their employees by restricting the worker's freedom to hold an additional job, "they have a simple solution—pay the worker more than twice the applicable state minimum hourly wage." *Id.* at 260 (Lewis, J., concurring).

**<u>ANSWER</u>: Paragraph 8 purports to quote a Washington Supreme Court case, *David v. Freedom Vans, LLC*, 4 Wn.3d 242, 260 (2025) and contains a generalized characterization of Washington law to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to *David v. Freedom Vans, LLC*, 4 Wn.3d 242, 260 (2025) for a complete and accurate description of its contents and deny any allegations inconsistent therewith**.

9. To better protect Washington workers from unreasonable and illegal restrictive covenants, the Legislature mandated that chapter 49.62 RCW "be construed liberally for the accomplishment of its purposes." RCW 49.62.110.

**<u>ANSWER</u>: Paragraph 9 purports to quote RCW 49.62.110 and contains a generalized characterization of the law to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to RCW 49.62.110 for a complete and accurate description of its contents and deny any allegations inconsistent therewith**.

10. In 2024, the Legislature further clarified the liberal construction mandate of chapter 49.62 RCW in response to courts "misinterpret[ing]" the statutory provisions and



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

"fail[ing] to embrace that the statute should be liberally construed." S.B. REP. ON ENROLLED SUBSTITUTE S.B. 5935, 68th Leg., Reg. Sess. (Wash. Feb. 6, 2024) ("ESSB 5935 Bill Report").

**<u>ANSWER</u>: Paragraph 10 purports to quote legislative history defined as the "ESSB 5935 Bill Report" and contains a generalized characterization of the law to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the ESSB 5935 Bill Report for a complete and accurate description of its contents and deny any allegations inconsistent therewith**.

11. The Legislature clarified the importance of this liberal mandate by repeating its express requirement that courts "liberally constru[e]" the "provisions in [chapter 49.62 RCW] facilitating workforce mobility and protecting employees and independent contractors" and "narrowly constru[e]" its exceptions. RCW 49.62.005(3); SSB 5935, 68th Leg., Reg. Sess. (Wash. 2024) (effective June 6, 2024); see also David, 4 Wn.3d at 245, 247, 248-50 (applying liberal construction to RCW 49.62.070).

**<u>ANSWER</u>: Paragraph 11 purports to quote a statute (RCW 49.62.005(3)), legislative history (SSB 5935, 68th Leg., Reg. Sess. (Wash. 2024) (effective June 6, 2024)), and a Washington Supreme Court case (*David v. Freedom Vans, LLC*, 4 Wn.3d 242, 245, 247, 248-50 (2025)) and contains a generalized characterization of the law to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to RCW 49.62.005(3), SSB 5935, 68th Leg., Reg. Sess. (Wash. 2024) (effective June 6, 2024), and *David v. Freedom Vans, LLC,* 4 Wn.3d 242, 245, 247, 248-50 (2025), for a complete and accurate description of those documents contents and Defendants deny any allegations inconsistent therewith.**

12. In the 2024 amendments, the Legislature also clarified that the prohibition on noncompetition covenants includes "agreement[s] that directly or indirectly prohibit[] the acceptance or transaction of business with a customer." RCW 49.62.010(4).

**<u>ANSWER</u>: Paragraph 12 purports to quote RCW 49.62.010(4) and contains a generalized characterization of the law to which no response is required. To the extent a**



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**response is required, Defendants respectfully refer the Court to RCW 49.62.010(4) for a complete and accurate description of its contents and deny any allegations inconsistent therewith**.

13. The Legislature intended to clarify that an employer cannot prevent a former employee from accepting business from customers. ESSB 5935 Bill Report at 4. This amendment was, again, in direct response to "courts . . . misconstru[ing] nonacceptance of business clauses as nonsolicitation covenants." Id.

**<u>ANSWER</u>**: **Paragraph 13 purports to quote legislative history defined as the "ESSB 5935 Bill Report" and contains a generalized characterization of the law to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the ESSB 5935 Bill Report for a complete and accurate description of its contents and deny any allegations inconsistent therewith**.

14. Supporters of the 2024 amendments, which clarified worker protections, highlighted the harm of noncompete clauses generally, noting that these restrictions "interfere with a person's ability to seek or accept a new job," "suppress wages[,] and allow[] large panies to control workers." ESSB 5935 Bill Report at 4.

**<u>ANSWER</u>**: **Paragraph 14 purports to quote legislative history defined as the "ESSB 5935 Bill Report" and contains a generalized characterization of the law to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the ESSB 5935 Bill Report for a complete and accurate description of its contents and deny any allegations inconsistent therewith**

15. In violation of chapter 49.62 RCW generally, and RCW 49.62.070 specifically, Defendants unlawfully restricted, restrained, or prohibited Plaintiff and over 40 Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed, while paying them less than twice the applicable state minimum hourly wage.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**ANSWER**: **Defendants deny the allegations contained in Paragraph 15, including without limitation that class treatment is appropriate and that Plaintiff or any putative class members suffered any damages or are due any relief whatsoever, under any theory.**

16. Plaintiff and each Class member seek $5,000 in statutory damages pursuant to RCW 49.62.080.

**ANSWER**: **Paragraph 16 contains a statement of Plaintiff's case to which no response is required. To the extent a response is required, Defendants deny the allegations including without limitation that class treatment is appropriate and that Plaintiff or any putative class members suffered any damages or are due any relief whatsoever, under any theory.**

## II. JURISDICTION AND VENUE

17. This Court has jurisdiction over this action pursuant to RCW 2.08.010.

**ANSWER**: **Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 17.**

18. Venue is proper in this Court pursuant to RCW 4.12.020 because the acts and omissions alleged took place, in whole or in part, in King County, Washington and pursuant to RCW 4.12.025 because Defendants reside and transact business in King County, Washington.

**ANSWER**: **Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 18.**

## III. PARTIES

19. Plaintiff Ajani Chung resides in Snohomish County, Washington and is employed by Defendants in Washington.

**ANSWER**: **Defendants lack information and knowledge sufficient to answer Plaintiff's allegation that they reside in Snohomish County, Washington, and deny the allegation on that basis. Defendants deny that Garda CL Northwest, Inc., GardaWorld Federal Services, LLC, or GardaWorld Security Services, Inc. employ or employed Plaintiff.**



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**Defendants admit that United American Security, LLC employs Plaintiff. Except as expressly admitted, Defendants deny the allegations in Paragraph 19.**

20. Defendant Garda CL Northwest, Inc. is a Washington profit corporation doing business as GardaWorld. Defendant Garda CL Northwest, Inc. regularly transacts business in King County, Washington, and has offices for the transaction of business in King County, Washington, including 4101 West Marginal Way Southwest, Seattle, Washington 98106; 2985 Naches Avenue Southwest, Renton, Washington 98057; and 320 Andover Park East, Suite 280B, Tukwila, Washington 98188.

**ANSWER**: **Defendants admit that Garda CL Northwest, Inc. is a Washington profit corporation. Defendants admit that Garda CL Northwest, Inc. transacts business in King County Washington, including at its office at 2985 Naches Avenue, Southwest, Renton, WA 98057. Defendants deny the remaining allegations in Paragraph 20.**

21. Defendant GardaWorld Federal Services, LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has offices for the transaction of business in King County, Washington, including 320 Andover Park East, Suite 280B, Tukwila, Washington 98188.

**ANSWER**: **Defendants admit that GardaWorld Federal Services, LLC is a Delaware limited liability company and that it transacts business in King County, Washington. Defendants deny the remaining allegations in Paragraph 21.**

22. Defendant GardaWorld Security Services, Inc. is a foreign profit corporation that regularly transacts business in King County, Washington and has offices for the transaction of business in King County, Washington, including 320 Andover Park East, Suite 280B, Tukwila, Washington 98188.

**ANSWER**: **Defendants deny that GardaWorld Security Services, Inc. is a foreign profit corporation and deny all remaining allegations in Paragraph 22. By way of further response, Defendants state that GardaWorld Security Services, Inc. is a nonexistent entity.**



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

23. Defendant United American Security, LLC is a foreign limited liability company doing business as GardaWorld Security Services. Defendant United American Security, LLC regularly transacts business in King County, Washington, and has offices for the transaction of business in King County, Washington, including 320 Andover Park East, Suite 280B, Tukwila, Washington 98188.

**ANSWER: Defendants admit that United American Security, LLC is a Delaware limited liability company and that it does business as GardaWorld Security Services. Defendants admit that United American Security, LLC transacts business in King County, Washington and that it possesses an office located at 320 Andover Park East, Suite 280B, Tukwila, Washington 98188. Defendants deny the remainder of the allegations contained in Paragraph 23.**

24. Plaintiff is currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

**ANSWER: Paragraph 24 contains a description of Plaintiff's legal claims, and potential strategy in support, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 24.**

## IV. STATEMENT OF FACTS

25. GardaWorld is a private security firm with over 40,000 employees operating out of over 60 offices across 48 states, including Washington. See GARDAWORLD SECURITY, https://www.garda.com/ (last visited Dec. 15, 2025).

**ANSWER: Defendants lack information or knowledge sufficient to form a belief as to the truth of Paragraph 25 insofar as Plaintiff has conflated the existence of three entities**



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**and one nonexistent entity into a singular entity with specific characteristics. Defendants deny the allegations in Paragraph 25 on that basis, except Defendants admit that Garda CL Northwest, Inc. and United American Security, LLC have business operations in the State of Washington.**

26. Plaintiff is a Washington employee of GardaWorld making $25.60 per hour.

**<u>ANSWER</u>: Defendants admit Plaintiff is an employee of United American Security, LLC. Defendants deny the remaining allegations not specifically admitted.**

27. Class members are current and former Washington employees of GardaWorld.

**<u>ANSWER</u>: Paragraph 27 contains a characterization of Plaintiff's putative class action lawsuit to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 27, including that there are any collective employees of "GardaWorld" as that entity is defined in the Complaint, and also denies that class treatment is appropriate in this action.**

28. Washington's minimum wages and the earning thresholds set by RCW 49.62.070(1) during the relevant time period are as follows:

| Year | Washington Min. Wage | RCW 49.62.070(1) Threshold |
|---|---|---|
| 2020 | $13.50 per hour | $27.00 per hour |
| 2021 | $13.69 per hour | $27.38 per hour |
| 2022 | $14.49 per hour | $28.98 per hour |
| 2023 | $15.74 per hour | $31.48 per hour |
| 2024 | $16.28 per hour | $32.56 per hour |
| 2025 | $16.66 per hour | $33.32 per hour |
| 2026 | $17.13 per hour | $34.26 per hour |

*History of Washington* State *'s Minimum Wage,* WASH. STATE DEP'T OF LAB. & INDUS., https ://lni .wa. gov/workers-ri ghts/wages/minimum-wage/history-of-washington-states - minimum-wage (last visited Dec. 8, 2025); RCW 49.62.070(1).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**<u>ANSWER</u>: Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 28.**

29. Plaintiff and Class members earned less than twice the applicable state minimum wage from GardaWorld.

**<u>ANSWER</u>: Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 29.**

30. GardaWorld's policies and procedures reflect a standard business practice designed to prevent low-wage workers from having second jobs.

**<u>ANSWER</u>: Defendants deny the allegations in Paragraph 30.**

31. These policies and procedures are evidenced, in part, by GardaWorld's employee handbook.

**<u>ANSWER</u>: Defendants deny the allegations in Paragraph 31.**

32. Plaintiff and Class members were subject to one or more written or oral covenants, agreements, or contracts restricting, restraining, or prohibiting them from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

**<u>ANSWER</u>: Defendants deny the allegations in Paragraph 32.**

33. GardaWorld restricted, restrained, and prohibited Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

**<u>ANSWER</u>: Defendants deny the allegations in Paragraph 33.**

34. By restricting, restraining, or prohibiting Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed while paying them less than twice the applicable state minimum hourly wage, GardaWorld violated Plaintiff and Class members' statutory rights under chapter 49.62 RCW.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**ANSWER: Defendants deny the allegations in Paragraph 34.**

35. Plaintiff and Class members suffered economic and non-economic harm and damages as a result of being restricted, restrained, or prohibited from having an additional job.

**ANSWER: Defendants deny the allegations in Paragraph 35.**

36. Plaintiff and each Class member seek statutory damages of $5,000, plus their reasonable attorneys' fees and costs.

**ANSWER: Paragraph 36 contains a statement of Plaintiff's case to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 36 and deny that Plaintiff or any putative class members suffered any damages or are due any relief whatsoever, under any theory.**

## V. CLASS ACTION ALLEGATIONS

37. Class Definition. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendants on behalf of the Class defined as follows:

> All current and former employees of Defendants who worked in Washington and earned less than twice the applicable state minimum hourly wage from January 1, 2020, through the date of certification of the Class.

**ANSWER: Paragraph 37 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 37.**

38. Excluded from the Class are Defendants and their officers and directors.

**ANSWER: Paragraph 38 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 38.**

39. Numerosity. There are potentially dozens of Washington employees who earned less than twice the applicable state minimum hourly wage, and were restricted, restrained, or prohibited from having an additional job. Joinder of all such individuals is impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**<u>ANSWER</u>: Defendants deny the allegations in Paragraph 39.**

40. <u>Commonality</u>. Because Class members were subject to identical or virtually identical policies and practices as Plaintiff, this is a straightforward matter of determining whether Defendants' actions violate Washington law and, if so, assessing statutory damages.

**<u>ANSWER</u>: Defendants deny the allegations in Paragraph 40.**

41. <u>Typicality</u>. Plaintiffs claims are typical of the claims of the Class. Plaintiff and Class members all worked for Defendants in Washington, earned less than twice the applicable state minimum hourly wage, and were restricted, restrained, or prohibited from having an additional job.

**<u>ANSWER</u>: Defendants admit that Plaintiff worked for United American Security, LLC, but deny the remaining allegations in Paragraph 41.**

42. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiffs counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiffs counsel have interests that are contrary to or that conflict with those of the Class.

**<u>ANSWER</u>: Defendants lack sufficient information to form a belief as to the truth of the allegation that Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. As to the remainder of the allegations, Defendants deny the allegations in Paragraph 42.**

43. <u>Predominance</u>. Defendants engaged in a common course of conduct of restricting restraining, or prohibiting low-wage workers from having an additional job in violation of RCW 49.62.070. The common issues arising from Defendants' unlawful conduct affect Plaintiff and Class members and predominate over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantage of judicial economy.

**<u>ANSWER</u>: Defendants deny the allegations in Paragraph 43 including, without limitation, that the Court should certify the purported class action.**



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

44. Superiority. Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendants' unlawful conduct. However, absent a class action, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. Class treatment is superior to multiple individual lawsuits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The members of the Class and the agreements they were subject to are readily identifiable through Defendants' records.

**ANSWER: Defendants deny the allegations in Paragraph 44 including, without limitation, that the Court should certify the purported class action**

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF RCW 49.62.070
### *Claim of Relief for Plaintiff and the Class*

45. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

**ANSWER: Defendants incorporate all of their responses to the preceding paragraphs by reference.**

46. Each Defendant is an "employer" as defined by RCW 49.62.010(2).

**ANSWER: Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 46.**

47. Plaintiff and Class members are "employees" as defined by RCW 49.62.010(2).

**ANSWER: Paragraph 47 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 47.**

48. Defendants employed Plaintiff and Class members in Washington.

**ANSWER: Defendants admit that United American Security, LLC employed Plaintiff in Washington, but Defendants deny the remaining allegations in Paragraph 48.**



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

49. Plaintiff and Class members earned less than twice the applicable state minimum wage from Defendants.

**<u>ANSWER</u>: Defendants deny the allegations in Paragraph 49.**

50. Defendants restricted, restrained, or prohibited Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

**<u>ANSWER</u>: Defendants deny the allegations in Paragraph 50.**

51. Defendants' actions and omissions violate RCW 49.62.070.

**<u>ANSWER</u>: Defendants deny the allegations in Paragraph 51.**

52. As a result of Defendants' actions and omissions, Plaintiff and Class members have experienced economic and non-economic harm.

**<u>ANSWER</u>: Defendants deny the allegations in Paragraph 52.**

53. Plaintiff and Class members each seek $5,000 in statutory damages, plus their costs and reasonable attorneys' fees pursuant to RCW 49.62.080.

**<u>ANSWER</u>: Paragraph 53 contains a statement of Plaintiff's case to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 53 and deny that Plaintiff or any putative class members suffered any damages or are due any relief whatsoever, under any theory.**

## VII. REQUEST FOR RELIEF

54. Plaintiff, individually and on behalf of members of the Class, requests that the Court enter judgment against Defendants as follows:

a. An order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

b. Statutory damages of $5,000 to Plaintiff and each Class member pursuant to RCW 49.62.080;



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

c. Attorneys' fees and costs pursuant to RCW 49.62.080;

d. Pre- and post-judgment interest;

e. Injunctive relief prohibiting, restraining, and enjoining Defendants from engaging in the conduct complained of herein;

f. Declaratory relief to the effect that Defendants' anti-moonlighting policies violate Washington law;

g. Leave to amend this complaint to conform to the evidence; and

h. Any additional or further relief the Court deems equitable, appropriate, or just.

**ANSWER: Paragraph 54(a)-(h) represents Plaintiff's prayer for relief, to which a response is not required. To the extent a response is required, Defendants deny the allegations including that class treatment is appropriate for this case and that Plaintiff or putative class members suffered any damages or are entitled to any relief whatsoever.**



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## AFFIRMATIVE DEFENSES

Below are Defendants' affirmative and other defenses. By setting forth these affirmative and other defenses, Defendants do not assume any burden of proof as to any fact issue or other element of any cause of action that properly belongs to Plaintiff. Defendants reserve the right to amend or supplement its affirmative and other defenses.

1. Plaintiff and/or any purported class member fails to state a claim upon which relief may be granted;

2. Plaintiff's and/or any purported class member's claims are barred, in whole or part, because of the applicable statute of limitations period;

3. Plaintiff's and/or any purported class member's claims are barred, in whole or in part, by the doctrines of waiver, laches, ratification, consent, acquiescence, unclean hands, estoppel, offset, and/or other principles of equity;

4. Plaintiff lacks standing to assert his claims, to represent the purported class members, and/or to seek some or all of the relief sought;

5. Plaintiff and/or any purported class member sustained no cognizable injury or damages;

6. Plaintiff's and/or any purported class member's claims for damages, if any, are barred by their failure to mitigate alleged damages;

7. Plaintiff and/or purported class members consented to and approved all the acts and/or omissions about which Plaintiff now complains;

8. Any act or omission alleged to have given rise to Plaintiff's Complaint in this action was in good faith based on a reasonable belief that Defendants were in compliance with all applicable statutory requirements;

9. Plaintiff's and/or putative class members' state law claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), including 29 U.S.C. § 185. Plaintiff and/or putative class members are members of a bargaining unit covered by a Collective Bargaining Agreement ("CBA");



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

10. Plaintiff and/or putative class members assert claims that fall within the scope of the CBA's mandatory grievance and arbitration procedures. Plaintiff and putative class members failed to initiate, pursue, or exhaust these mandatory procedures prior to filing this lawsuit. Because the CBA provides that these procedures are the exclusive remedy for such disputes, Plaintiff and the putative class members are barred from maintaining this civil action;

11. Plaintiff's claims are preempted, superseded, and/or barred, in whole or in part, by an arbitration obligation;

12. Plaintiff cannot satisfy the prerequisites for a class claim under applicable law and, therefore, the class allegations of the Complaint must be stricken and dismissed;

13. Plaintiff's claims are neither common to nor typical of those of, if any, members of the proposed class;

14. The members of the proposed class are not so numerous that joinder is impracticable;

15. Plaintiff is an inadequate representative of the purported class;

16. Class certification would be inappropriate due to conflicts of interest between Plaintiff and putative class members, or between and among putative class members, or between putative class members and Plaintiff's counsel;

17. Plaintiff cannot show class treatment of the alleged claims is superior to other methods of adjudicating the controversy;

18. Plaintiff's or any purported class member's claims (or both) are barred, in whole or in part, on the basis that Defendants acted in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, or enforcement policy of the Washington Department of Labor & Industries or Wage and Hour Division of the United States Department of Labor;

19. Any alleged contract or agreement (including without limitation any alleged "written or oral covenants, agreements, or contracts restricting, restraining, or prohibiting [Plaintiff or the putative class] from having an additional job, supplementing their income by working for



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

another employer, working as an independent contractor, or being self-employed") is void and invalid, including without limitation for lack of consideration, no mutual assent, indefinite terms, lack of performance, lack of formation, recission, no promise of specific treatment in specific circumstances, lack of justifiable reliance, lack of breach, and/or lack of damages;

20. A *bona fide* dispute exists regarding the damages alleged by Plaintiff;

21. Defendant's policies and practices comply with Washington law, including without limitation RCW 49.62 et seq. and exceptions thereto, such as the duty of loyalty;

22. Plaintiff fails to make a valid, proper, or colorable claim under RCW 49.62 et seq.;

23. Defendants used reasonable care to prevent unlawful conduct through effective policies and complaint procedures. Plaintiff and putative class members unreasonably failed to use Defendant's complaint procedures;

24. Defendants reserve the right to assert additional defenses or affirmative defenses that may apply pending further discovery, and nothing in this Answer should be construed as a waiver of any such additional defenses.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray for the following relief:

A) Plaintiff's Complaint be dismissed in its entirety;

B) Plaintiff take nothing from Defendants;

C) The Court decline to certify any class or subclass;

D) Defendants be awarded its reasonable attorneys' fees and costs; and

E) That the Court grant other relief as it deems appropriate.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 22nd day of January, 2026.

Davis Wright Tremaine LLP
Attorneys for Defendants

By *_/s/ Harry J.F. Korrell III_*
Harry J.F. Korrell III, WSBA #23173

By *_/s/ Devin Smith_*
Devin Smith, WSBA #42219
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
P: (206) 622-3150
F: (206) 757-7700
Email: harrykorrell@dwt.com
Email: devinsmith@dwt.com

By *_/s/ Seth Tangman_*
Seth Tangman, WSBA #59707
560 SW Tenth Avenue, Suite 700
Portland, OR 97205
P: (503) 241-2300
F: (503) 778-5299
Email: moetangman@dwt.com